IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| LAURIE CLAIR-UBBEN<br><br>Plaintiff,<br><br>vs.<br><br>HIGBEE WEST MAIN, LP d/b/a DILLARD'S, INC., d/b/a DILLARD'S DEPARTMENT STORE #340<br><br>Defendant. | No. 4:22-cv-193<br><br>**AMENDED COMPLAINT AT LAW AND JURY DEMAND** |

Plaintiff Laurie Clair-Ubben, by and through the undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 15(a) and 15(c)(3) states her causes of action in this Amended Complaint to name Defendant Higbee West Main, LP, which does business as and is known as Dillard's Inc..  In support of said claims, Plaintiff states as follows:

**PARTIES AND JURISDICTION**

1.  Plaintiff Laurie Clair-Ubben is a resident of Ankeny, Polk County, Iowa.

2.  Defendant Higbee West Main, LP, d/b/a Dillard's Inc., d/b/a Dillard's Department Store #340 ("Dillard's") is a department store known as Dillard's conducting business at 101 Jordan Creek Parkway, West Des Moines, Dallas County, Iowa. Defendant Dillard's has its principal office at 1600 Cantrell Road, Little Rock, Arkansas. Dillard's registered agent is the CT Corporation System, 400 E Court Avenue, Des Moines, Iowa.

3.  On or about June 11, 2020, Plaintiff Clair-Ubben was injured on the premises of Dillard's Department Store located at 101 Jordan Creek Parkway, West Des Moines, Dallas County, Iowa.

4.  The damages at issue exceed the jurisdictional limits required by this court.

5.     Jurisdiction and venue are proper in Iowa District Court in and for Dallas County, Iowa.

## **FACTUAL BACKGROUND**

6.     On or about June 11, 2020, Plaintiff Clair-Ubben was shopping at Dillard's Department Store located at 101 Jordan Creek Parkway, West Des Moines, Dallas County, Iowa with her daughter, mother and her mother's husband.

7.     Plaintiff was trying on clothing for potential purchase in a dressing room in the women's clothing section of the store.

8.     Outside the dressing room was a T-shaped metal rack for customers to return clothing items that they decided not to purchase. The metal-framed sign attached to the rack had sharp edges.

9.     There were no posted warning concerning the clothes rack.

10.    Plaintiff came out of the dressing room with some clothing items she did not wish to purchase.

11.    The rack right outside the dressing room already had several items of clothing hanging from it.   Plaintiff placed the additional clothing items on the rack.

12.    As Plaintiff turned to re-enter the dressing room, the rack suddenly tipped over and the sharp sign and/or the rack struck Plaintiff's right hand.

13.    On information and belief, the rack's lack of stability and resulting propensity to tip was known or should have been known to Defendant.

14.    Plaintiff's right index finger was lacerated and she felt intense pain in her right pinky finger. The laceration on Plaintiff's right index finger was approximately 5 centimeters long and deep enough to see exposed tendon and bone.

15.    Plaintiff fell down and believes she briefly lost consciousness due to the stress or shock

of her injuries.

16.   Plaintiff's next memory was a Dillard's employee pouring water on her head to restore her consciousness.

17.   There was a lot of blood on Plaintiff's hands and on the carpet around her as her hand was bleeding profusely.

18.   Plaintiff's mother and her daughter were present.

19.   When she was able, Plaintiff attempted to stop the bleeding from her index finger by applying pressure to the wound.

20.   Emergency services were summoned and Plaintiff was transported to Unity Point Medical Center.

21.   As a result of the injury, Plaintiff had significant medical treatment and rehabilitation to address her right-hand injury.

22.   Plaintiff worked as a Physician's Assistant.  She was unable to work for a period of time due to the injury and had to forego numerous shifts if they required finger dexterity such as applying stitches to a patient.

23.   Plaintiff has permanent impairments, limitations, and has had past and future pain as a result of her June 11, 2020 injury caused by the clothing rack on Defendant's premises.

24.   Due to the permanent impairment of her right hand, Plaintiff is unable to perform the full range of medical procedures that she readily performed prior to her injury.

25.   This has resulted in a loss of income and diminution of her occupational base.

26.   She also suffered loss of use in her every day non-work-related activities as well as pain and suffering.

## COUNT I: PREMISES LIABILITY

27.   Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though set forth fully herein.

28.   Plaintiff was an invitee and customer on the premises of the Dillard's Department Store.

29.   Defendant provided access to changing rooms for invitees' use.

30.   On June 11, 2020, when Plaintiff approached the clothing rack provided by Dillard's to return clothing items she did not intend to purchase, she did not observe any defect in the rack nor was there any warnings.

31.   Rather, the rack had a metal sign directing customers to help the Dillard's employees by placing their unwanted clothes items on the rack.

32.   When Plaintiff placed items on the rack, the rack tipped over onto her causing injury to her right hand.

33.   Defendant knew or in the exercise of reasonable care should have known of a condition on the premises of their business and that it involved an unreasonable risk of injury to an individual in Plaintiff's position.

34.   The Defendant knew or in the exercise of reasonable care should have known that:

   a)   Plaintiff would not discover the condition;

   b)   Plaintiff would not realize the condition presented an unreasonable risk of injury; or

   c)   Plaintiff would not protect herself from the condition.

35.   Defendant was negligent in one or more of the following particulars, which are not exhaustive:

   a)   By failing to maintain the clothing rack in a safe and proper condition;

   b)   In failing to inspect the rack;

4

    c) In failing to timely and adequately replace the defective and/or unstable rack;

    d) In failing to warn customers, including Plaintiff, of the foreseeable danger created by defective rack in the changing room area;

    e) In failing to act as a reasonable merchant under the conditions then and there existing;

    f) And in any particulars show at trial.

36. Defendant's actions were a direct and proximate cause of Plaintiff's damages.

37. Plaintiff suffered severe injury to her right hand, loss of use, medical bills, loss of income, emotional harm, disfigurement and pain and suffering.

WHEREFORE, for the reasons set out above, Plaintiff requests that the Court enter judgment against Defendant for the injuries suffered by Plaintiff as a result of Defendant's negligence, plus interest at the highest legal rate, court costs and such other and further relief as the Court deems just and equitable.

## COUNT II: GENERAL NEGLIGENCE

38. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though set forth fully herein.

39. Defendant owed Plaintiff a duty to exercise reasonable care regarding her safety while she was on its premises.

40. Defendant was aware or should have been aware that the clothing rack furnishing on their premises were unsafe, unstable and had sharp edges.

41. On or about June 11, 2020, during the above-described incident, Defendant was negligent in several ways, including but not limited to, the following:

a.   In failing to provide store guests with a safe and stable clothing rack to return clothing items;

b.   In failing to warn store guests of the condition of the rack;

c.   In failing to properly assemble, repair and maintain the rack in the dressing room area;

d.   In failing to routinely inspect clothing rack used by store guests;

e.   In failing to exercise reasonable standard of care required in the retail industry;

f.   In directing customers to place their clothing on an instable faulty rack; and

g.   Other negligence as the facts supports at trial.

42.   These failures constitute negligence for violation of Defendant's duty to provide safe premises.

43.   Defendant's negligence was a proximate cause of the damages sustained by Plaintiff.

44.   Plaintiff suffered severe injury to right hand, loss of use, medical bills, loss of income, emotional harm, and pain and suffering.

WHEREFORE, for the reasons set out above, Plaintiff request that the Court enter judgment against Defendant for the injuries suffered by Plaintiff as a result of Defendant's negligence, plus interest at the highest legal rate, court costs and such other and further relief as the Court deems just and equitable.

## COUNT III: RES IPSA LOQUITOR

45.   Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though set forth fully herein.

46.   Plaintiff's injury was caused by an instrumentality under the exclusive control of the Defendant.

47. In the ordinary course of things, the rack would not have fallen and Plaintiff would not have been injured if reasonable care had been taken to maintain the clothing rack or make it safe or stable for its intended use.

48. An inference of Defendant's negligence exists.

49. Defendant's negligence was a proximate cause of the damages sustained by Plaintiff.

50. Plaintiff suffered severe injury to right hand, loss of use, medical bills, loss of income, emotional harm, and pain and suffering.

WHEREFORE, for the reasons set out above, Plaintiff request that the Court enter judgment against Defendant for the injuries suffered by Plaintiff as a result of Defendant's negligence, plus interest at the highest legal rate, court costs and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands trial by jury of the issues herein.

Respectfully submitted,

*/s/ Kimberley K. Baer*
Kimberley K. Baer       AT0000683
Jean Mauss               AT0005006
BAER LAW OFFICE
838 Fifth Avenue
Des Moines, Iowa 50309
Telephone: 515-279-2000
Facsimile: 515-279-2137
kbaer@baerlawoffice.com
jmauss@baerlawoffice.com
**ATTORNEYS FOR PLAINTIFF**